UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLORIA ANN CLAYTON,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                          Case No. 1:13-cv-886

BANK OF AMERICA, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Bank of America's Motion to Dismiss, (dkt. #11); and Defendant Trott & Trott, P.C.'s Motion to Dismiss, (dkt. #13). A hearing was scheduled for January 7, 2014, but cancelled due to inclement weather. The undersigned subsequently determined that a hearing was not necessary. *See* W.D. Mich. LCivR 7.3(d) ("the court may. . .dispose of the motion without argument at the end of the briefing schedule"). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action on August 16, 2013, against Bank of America and Trott and Trott, P.C. challenging the foreclosure of a particular piece of property located at 77 N. Wabash Ave., Battle Creek, Michigan (hereinafter "the subject property"). Plaintiff's complaint contains very few relevant factual allegations, but instead consists primarily of irrelevant allegations and legal conclusions.

With respect to Bank of America, Plaintiff asserts claims of malfeasance and dishonesty and, moreover, alleges that Bank of America denied her request to participate in a "making home affordable program" that would presumably have permitted her to retain ownership of the property. Because Plaintiff was unable to participate in the program in question, foreclosure proceedings were subsequently initiated. Plaintiff likewise advances vague claims of malfeasance and dishonesty against Trott and Trott. Plaintiff also alleges that Trott and Trott lacked standing or legal authority to participate in the aforementioned foreclosure proceedings. Defendants Bank of America and Trott and Trott, P.C. now move to dismiss Plaintiff's complaint on the ground that it fails to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

Information submitted by Defendants, and clearly referenced by Plaintiff's complaint, brings the relevant factual details more clearly into focus. On January 21, 2009, Plaintiff executed a mortgage regarding the subject property. (Dkt. #14, Exhibit F). Plaintiff subsequently defaulted on her mortgage and on June 10, 2010, a Sheriff's sale, following appropriate notice, was conducted. (Dkt. #14, Exhibit F). BAC Home Loans Servicing, L.P., later succeeded by Bank of America, acquired the subject property. (Dkt. #14, Exhibit F). After the expiration of the statutory redemption period, Bank of America initiated an action in state court to obtain possession of the subject property. (Dkt. #14, Exhibit A). Plaintiff responded to this action by alleging various claims against Bank of America including fraud, "mortgage fraud," and "application fraud." (Dkt. #14, Exhibit B). Plaintiff also challenged the right of Trott and Trott to represent Bank of America. (Dkt. #14, Exhibit B). On November 1, 2012, the Honorable Franklin K. Line ruled that Plaintiff "did not pay the mortgage and [Bank of America] properly proceeded to regain possession of the property in question." (Dkt. #14, Exhibit C). Judge Line further concluded that Bank of America was entitled to possess the subject property. (Dkt. #14, Exhibit C).

**I.       Plaintiff's Claims against Trott and Trott, P.C.**

Plaintiff alleges that because Trott and Trott did not possess an ownership interest in the subject property, it lacked standing to initiate foreclosure proceedings against her property. Plaintiff further alleges that Trott and Trott has failed to sufficiently demonstrate that Bank of America possessed a valid ownership interest in the subject property. Plaintiff also asserts vague and conclusory allegations of fraud by Trott and Trott. Plaintiff's claims fail for several reasons.

As previously noted, Plaintiff must do more than simply advance legal conclusions. Plaintiff must instead assert facts, which if proven, would entitle her to relief. With respect to her various allegations of fraud against Trott and Trott, Plaintiff does nothing more than advance legal conclusions unsupported by any factual allegations that, if proven, would entitle her to relief. Accordingly, the undersigned recommends that Plaintiff's various fraud claims against Trott and Trott be dismissed for failure to state a claim on which relief may be granted.

Plaintiff's claim that Trott and Trott lacked standing to act on behalf of Bank of America is frivolous. Trott and Trott represented Bank of America as its legal counsel in this matter, a service which Trott and Trott is entitled, under Michigan law, to perform. The undersigned recommends, therefore, that this claim be dismissed for failure to state a claim on which relief may be granted.

Finally, Plaintiff's claim that Trott and Trott failed to sufficiently demonstrate that Bank of America possessed a valid ownership interest in the subject property was resolved in the aforementioned state court action. Bank of America moved in state court for possession of the property in question based on its ownership interest therein. The state court ruled that Plaintiff failed to pay her mortgage and that, as a result, Bank of America was entitled to possession of the property. Plaintiff's claim is, therefore, precluded by the doctrine of collateral estoppel. *See Tenenbaum v. United States Department of Defense*, 2010 WL 5230875 at *2 (6th Cir., Dec. 20, 2010).

Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendant Trott and Trott, P.C. be dismissed.

**II.        Plaintiff's Claims Against Bank of America**

Plaintiff alleges that Bank of America denied her request to participate in a "making home affordable program" that would presumably have permitted her to retain ownership of the subject property. Specifically, Plaintiff alleges that Bank of America improperly denied her application to participate in the Federal Home Affordable Modification Program (HAMP) mortgage assistance program. Plaintiff also challenges the right by Bank of America to foreclose and obtain possession of the property in question. Finally, Plaintiff advances various claims of fraud against Bank of America.

Just as with her allegations against Trott and Trott, Plaintiff's claims of fraud are based on nothing more than legal conclusions. With respect to these claims, Plaintiff has failed to allege facts, which if proven, would entitle her to relief. Accordingly, the undersigned recommends that Plaintiff's various fraud claims against Bank of America be dismissed for failure to state a claim on which relief may be granted. In the alternative, the undersigned recommends that these claims be dismissed on the ground that such are precluded by the results of the aforementioned state court action.

While the Court understands Plaintiff's frustration at her apparent inability to participate in one of the programs designed to assist homeowners in danger of foreclosure, as Defendants correctly observe, failure to accept an application to such programs does not constitute a cause of action. *See, e.g., Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741 (E.D. Mich. 2010) (mortgage assistance measures such as the Federal Home Affordable Modification Program (HAMP) "do not impose a duty on [lenders] to modify every eligible mortgage"); *Federal National Mortgage Association v. Carr*, 2013 WL 5755083 at *3 (M.D. Tenn., Oct. 23, 2013) (there is no

private cause of action for alleged violations of HAMP).[1] The undersigned recommends, therefore, that this claim be dismissed for failure to state a claim on which relief may be granted.

Finally, Plaintiff's claim challenging the foreclosure of her property by Bank of America was resolved in the aforementioned state court action. Accordingly, the undersigned recommends that this particular claim be dismissed on collateral estoppel grounds.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Bank of America's Motion to Dismiss</u>, (dkt. #11), be **granted**; <u>Defendant Trott & Trott, P.C.'s Motion to Dismiss</u>, (dkt. #13), be **granted**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 18, 2014  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

---

[1] Materials attached to Plaintiff's complaint suggest that Plaintiff's application to participate in the HAMP program was denied because Plaintiff failed to comply with the program's requirements and/or failed to submit the financial documents necessary to establish her eligibility to participate in the program. (Dkt. #1 at 8-9 of 50).